## TROUT *v.* TROUT

[No. 64, September Term, 1957.]

532

*Decided November 18, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Harold Buchman,* with whom was *Louis Salzman* on the brief, for appellant.

No brief and no appearance for appellee.

HENDERSON, J., delivered the opinion of the Court.

A wife appeals from a decree of divorce granted to her husband on his bill for divorce. There was no cross-bill. The testimony is meagre. Each of the parties had been married before, and each had a grown son. They were married in 1948. At the time of the trial in 1957, he was sixty-five years of age, she was forty-five. He was a longshoreman. Both were addicted to drink. There were charges of infidelity on both sides, but no evidence to support the charge of adultery made in the bill, and the Chancellor so found. The husband testified she assaulted him on several occasions in 1951, once she tore off his shirt, once she chased him with a butcher knife, once she threw a screwdriver at him while drunk. Finally, she hit him with a beer bottle and cut his head. He went to the hospital for treatment and never returned home. His testimony as to the assaults was wholly uncorroborated. However, Mrs. Trout admitted hitting him with the bottle in 1951, but swore he had her by the throat at the time. She also testified he did not leave her until 1954,

long after the bottle incident. Her sister and son corroborated her testimony as to the date he left, June, 1954.

The Chancellor stated that he thought the plaintiff had made out a case of constructive desertion and remarked: "I feel, for their best interests and the interest of society and the state generally, they ought to be separated." But divorces cannot be granted because of incompatibility or social desirability, unless the testimony measures up to the legislative grounds. *Lloyd v. Lloyd,* 204 Md. 352. Even accepting the husband's story at face value, it is wholly uncorroborated, and contradicted in important points. Corroboration is required by the statute, Code (1951), Art. 35, Sec. 4, and cannot be dispensed with. *Hodges v. Hodges,* 213 Md. 322, 326. Giving full weight to the Chancellor's finding of fact, the decree cannot be supported.

*Decree reversed, with costs,*
*and bill dismissed.*